# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2022

Lyle W. Cayce
Clerk

No. 21-50527
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELPIDIO DON JUAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-390-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Elpidio Don Juan pleaded guilty to making a false statement in application and use of a passport. The district court calculated Juan's advisory guidelines imprisonment range at 8 to 14 months. However, it sentenced him to 36 months of imprisonment, stating that it was imposing a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

departure under the Guidelines but also finding that the guidelines range did not adequately account for Juan's criminal conduct in consideration of the 18 U.S.C. § 3553(a) sentencing factors. The written statement of reasons indicates that the sentence was an upward variance, not a departure. On appeal, Juan contends that the district court procedurally erred by failing to adequately explain its reasons for either a departure or an upward variance.

The district court listened to the Government's arguments about how Juan's criminal conduct was more extreme and resulted in more harm to the victim than is typical for the offense of conviction as well as Juan's arguments in mitigation. Then, while explaining the sentence, the district court expressly relied on the facts in the presentence report, which detailed the harm suffered by the victim, and referenced the pain encountered by the victim as a result of Juan's specific conduct. Even assuming that Juan properly preserved his claim, he does not demonstrate that the district court failed to adequately explain its reasons for an upward variance, which it imposed at least in the alternative to a departure. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010). Thus, we need not address the adequacy of the explanation of the sentence to the extent the district court also intended to impose a departure. *See United States v. Gas Pipe, Inc.*, 997 F.3d 231, 242 (5th Cir.), *cert. denied*, 142 S. Ct. 484 (2021); *United States v. Hebert*, 813 F.3d 551, 561 (5th Cir. 2015).

AFFIRMED.